NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ERIK JOHNSON,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

Civ. No. 05-2507
(WGB)

M E M O R A N D U M
O P I N I O N

APPEARANCES:

Erik Johnson, Prisoner No. 21742-050
U.S. Penitentiary Lee County
P.O. Box 305
Jonesville, VA 24263

    *Pro Se* Petitioner

Christopher J. Christie, United States Attorney
Dennis C. Carletta, Assistant United States Attorney
U.S. Department of Justice
970 Broad Street, Suite 700
Newark, New Jersey 07102

    Attorneys for the United States of America

**BASSLER, SENIOR DISTRICT JUDGE:**

Petitioner Erik Johnson ("Petitioner"), proceeding *pro se*,
timely filed a petition for a writ of Habeas Corpus pursuant to
28 U.S.C. § 2255.  In his petition, Petitioner makes four claims:

    1.   His Sixth Amendment rights were violated due to
       ineffective assistance of counsel.

    2.   He was denied due process of law and deprived of his
       Sixth Amendment rights to notice and a jury trial by an
       alleged increase in his sentence that was based on

facts not submitted to a jury.

3.  <u>United States v. Booker</u>, 543 U.S. 220 (2005), should apply retroactively in his case.

4.  His sentence violates his Fifth Amendment right to due process of law because the Court sentenced him under pre-<u>Booker</u> sentencing guidelines.

Petitioner asks this Court to order an evidentiary hearing so that he may prove allegations presented in this Motion.  He further seeks the Court to vacate his conviction and dismiss his indictment, or in the alternative, order that he be re-sentenced under <u>Booker</u>.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

For the reasons set forth in this Memorandum Opinion, Petitioner's habeas corpus petition is **DENIED**.

I.  <u>Background</u>

On August 22, 2001, a federal grand jury returned an indictment in Newark, New Jersey charging Petitioner[1] with conspiracy to distribute and possess with the intent to distribute heroin and cocaine base, specifically "crack cocaine", in violation of 21 U.S.C. §§ 841 and 846.  Additionally, the indictment charged Petitioner with distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

---

[1]  Two fellow gang members, Rasheed Hargrove and Fuquan Glover, were indicted and tried with Petitioner.

2

On May 2, 2002, a different federal grand jury returned a superseding indictment against Petitioner.  He was then charged with conspiracy to distribute and possess with the intent to distribute controlled substances, namely, more than one kilogram of heroin and more than five kilograms of cocaine base, expressly, "crack cocaine", in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  In addition, he was charged with one count of distribution and possession with the intent to distribute heroin in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

Petitioner was tried before a jury in the District Court of New Jersey from June 18, 2002 through June 28, 2002.  At trial, the parties presented evidence showing that Petitioner was a leader of a street gang known as the Third World Crips, which operated out of Newark, New Jersey.  Testimony of key witnesses revealed that Petitioner was a long-time drug dealer with approximately five hundred routine customers.  Moreover, the United States presented evidence that Petitioner had sold drugs to an undercover agent on at least one occasion.  As a result, on June 28, 2002, the jury found Petitioner guilty of one count conspiracy to distribute and possess with the intent to distribute heroin and cocaine base, specifically "crack cocaine", and also guilty on all counts of distribution and possession with the intent to distribute heroin.

On November 1, 2002, the District Court sentenced Petitioner

to life imprisonment, in addition to a concurrent sentence of 240 months' imprisonment.

Petitioner appealed his sentence, claiming that it violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because the trial judge failed to instruct the jury that the identity and quantity of the drugs must be found beyond a reasonable doubt to increase the statutorily prescribed maximum sentence.  Affirming the trial court, the Third Circuit noted that Petitioner did not challenge the jury's findings that he conspired to distribute and possess with the intent to distribute more than one kilogram of heroin, and that this finding alone by the jury would have been sufficient to support a life sentence.  United States v. Johnson, 89 Fed. Appx. 781, 788 (2004).

Petitioner now challenges his sentence pursuant to 28 U.S.C. § 2255 on four grounds discussed herein.

II. Discussion

    A. Standard of Review

28 U.S.C. § 2255 provides relief to a federal prisoner seeking release from incarceration on any one of the following grounds: (1) the imposed sentence violates the Constitution or laws of the United States, (2) the court did not have jurisdiction to impose the sentence, (3) the sentence exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  See 28 U.S.C. § 2255.  A petition

4

for habeas relief under § 2255 will be granted "only if the sentence results in a 'fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" <u>United States v. Cannistraro</u>, 734 F. Supp. 1110, 1119 (D.N.J. 1990) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

   B. <u>Ineffective Assistance of Counsel</u>

   The Supreme Court has held that the Sixth Amendment "right to assistance of counsel is the right to effective assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970). The Supreme Court set forth a two-part test to establish ineffective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment. <u>Id.</u> Second, the defendant must also show that counsel's performance prejudiced the defense, depriving the defendant of a fair trial. <u>Id.</u>

   The first part of the test requires Petitioner to identify specific errors made by counsel which would be considered unreasonable under professional norms. <u>United States v. Cronic</u>, 466 U.S. 648, 666 (1984). In determining whether counsel's conduct was reasonable, the court must be highly deferential, evaluating the conduct from counsel's perspective at the time of

5

the alleged error. <u>Strickland</u>, 466 U.S. at 689.

Under the second part of the test, Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Id.</u> at 694.  Moreover, the probability must be sufficient to undermine confidence in the outcome in the proceeding.  <u>Id.</u> at 694.

Petitioner must satisfy both parts of the <u>Strickland</u> test to prevail on an ineffective assistance of counsel claim. Furthermore, in an ineffective assistance of counsel claim, <u>Strickland</u> guides courts to consider "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u> at 686.

In his Motion, Petitioner claims ineffective assistance of counsel for three reasons: 1) counsel failed to advise him of his right to testify at trial; 2) counsel's performance at trial was deficient, and 3) counsel advised him while under a conflict of interest.

First, Petitioner alleges that counsel failed to advise him of his right to testify on his own behalf at trial.  He further claims that if he was informed of this right, there is a reasonable probability that he would have taken the witness stand and rebutted facts of material witnesses.  As a result, he feels that the outcome of his proceeding could have been different had

he been afforded the opportunity to testify.

Although Petitioner states that the result of the proceeding could have been different had he testified, he fails to explain what facts he could have rebutted and why the alleged perjured testimony was material to his conviction by the jury.  Moreover, he does not show how this purported unreasonable conduct of counsel prejudiced the entire proceeding as a whole.  "Even if [Petitioner] shows that particular errors of counsel were unreasonable, [sic] [he] must show that they actually had an adverse effect on the defense."  Id. at 693.  The burden that Petitioner has to overcome to prove ineffective assistance of counsel is no small feat, and given Petitioner's lack of specificity in his pleading, in combination with the Affirmation by counsel Michael N. Pedicini stating that Petitioner was informed of his right to testify and waived it voluntarily, this Court must dismiss this allegation because Petitioner did not meet this burden.

Similarly, Petitioner's claim that he was prejudiced due to counsel's performance at trial must also be dismissed.  <u>Strickland</u> explains that:

> A fair assessment of attorney performance requires
> that every effort be made to eliminate the
> distorting effects of hindsight, to reconstruct
> the circumstances of counsel's challenged conduct,
> and to evaluate the conduct from counsel's
> perspective at the time.  Because of the
> difficulties inherent in making the evaluation, a
> court must indulge a strong presumption that

> counsel's conduct falls within the wide range of
> reasonable professional assistance; that is, the
> defendant must overcome the presumption that,
> under the circumstances, the challenged action
> 'might be considered sound trial strategy.'

Id. at 694-95.

In his Motion, Petitioner alleges numerous faults on the part of counsel as an advocate, but he again fails to specify how any allegation was unreasonable as compared to professional norms. For example, Petitioner claims that counsel failed to present material evidence and testimony at trial. He does not offer what material evidence or testimony should have been presented nor does he explain why excluding this testimony would have a reasonable probability of changing the outcome of his case. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Basically, Petitioner gives no support for any of the numerous allegations that he makes. The burden is on the Petitioner to show why counsel did not meet professional norms; simply stating that counsel's conduct was unreasonable under professional norms is not sufficient to meet this burden. See Strickland, 466 U.S. at 693 (where "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.") Moreover, because of a lack of evidence to support his claims, Petitioner does not

meet the burden of demonstrating that, but for counsel's alleged deficient behavior at trial, the outcome of the proceeding would have been different.  See Strickland, 466 U.S. at 694.

Finally, Petitioner urges that he was prejudiced by counsel's conflict of interest throughout the trial.  Petitioner makes this allegation without offering any specificity as to whom the conflict was with or why, in fact, a conflict existed.  Petitioner can only succeed on a claim of ineffective assistance of counsel if he points to counsel's specific errors during the pretrial, trial, sentencing, or direct appeal process.  Cronic, 466 U.S. at 666.  Because he again fails to meet this burden, Petitioner cannot succeed on an ineffective assistance of counsel claim under a theory of conflict of interest.

Plaintiff has failed to meet the burden of proving ineffective assistance of counsel on all three claims discussed above.  Because these claim have no merit, the Court dismisses Petitioner's claim of ineffective assistance of counsel.

    C.  <u>Sixth Amendment Right to Notice and a Jury Trial and Subsequent Denial of Due Process</u>

In his second claim, Petitioner alleges that his sentence is invalid under <u>Apprendi</u>, 530 U.S. at 466, because it is based on facts not found by a jury.  Specifically, he argues that the Court should have instructed the jury to find the identity and quantity of the drugs beyond a reasonable doubt in order for the

Court to increase the statutorily prescribed maximum sentence.

Petitioner has already addressed this issue in his direct appeal

to the Third Circuit Court of Appeals.  The Third Circuit's held:

> However, neither Hargrove nor [Petitioner]
> challenges the jury's findings that they conspired
> to distribute and possessed with the intent to
> distribute one or more kilograms of heroin.  This
> finding by the jury alone is sufficient to support
> their life sentences.  We reject, therefore,
> Hargrove and [Petitioner's] <u>Apprendi</u> challenge.

<u>Johnson</u>, 89 Fed. Appx. at 788.

Moreover, as the Government's Answer points out, <u>Apprendi</u>

challenges are only valid when a defendant is sentenced beyond

the maximum sentence warranted by the jury's guilty verdict.  530

U.S. at 490.  In this case, Petitioner simply received a life

sentence, which was the maximum sentence under the jury's guilty

verdict.  As a result, no <u>Apprendi</u> claim exists and Petitioner's

claim is dismissed.

D.  <u>Applying Booker</u>

The Supreme Court, in <u>United States v. Booker</u>, announced a

new rule of criminal procedure.  <u>Schriro v. Summerlin</u>, 542 U.S.

348 (2004).  In general, a new rule "will not be applicable to

those cases which have become final before the new [rule is]

announced."  <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989).  However,

"a new rule of criminal procedure will apply retroactively if it

is deemed a 'watershed [rule] of criminal procedure implicating

the fundamental fairness and accuracy of the criminal

proceeding.'"  <u>Lloyd v. United States</u>, 407 F.3d 608, 612 (3d Cir.

2005) (citations omitted).  In determining whether <u>Booker</u> applied retroactively to a petitioner seeking § 2255 relief before <u>Booker</u> was decided, the Third Circuit held in <u>Lloyd</u>:

> Because <u>Booker</u> announced a rule that is 'new' and 'procedural,' but not 'watershed,' <u>Booker</u> does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date <u>Booker</u> was issued.

<u>Id.</u> at 616.

Petitioner cannot succeed on his <u>Booker</u> claim because his judgment was final before <u>Booker</u> was decided on January 12, 2005. Specifically, Petitioner's judgment became final on May 17, 2004, ninety days after the time in which Petitioner could have filed a petition for writ of certiorari in the Supreme Court.  <u>Kapral v. United States</u>, 166 F.3d 565, 567, 570-71 (3d Cir. 1999).  Because <u>Booker</u> does not apply retroactively to judgments that were final at the time it was decided, Petitioner's claims under <u>Booker</u> must be dismissed.

E.  <u>Fifth Amendment Right to Due Process</u>

Finally, Petitioner alleges that his Fifth Amendment right to due process was violated because the Court sentenced him under the pre-<u>Booker</u> sentencing guidelines, which guided the Court as to the available sentencing range for his conviction.  Again, the Government is correct when it asserts that this claim proposes that the Court should have anticipated the holding in <u>Booker</u> and sentenced Petitioner accordingly.  <u>Booker</u> was not decided until after Petitioner's conviction was final.  Furthermore, having

explained that <u>Booker</u> does not apply retroactively to Petitioner's § 2255 Motion, it can go without saying that the Court had no obligation to anticipate the holding in <u>Booker</u> nor is it compelled or even permitted to apply its holding today.

F.   <u>Evidentiary Hearing</u>

The Court has discretion in deciding whether or not to grant Petitioner an evidentiary hearing. <u>Virgin Islands v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1989).

> Unless the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief, the [C]ourt shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

In deciding whether to grant an evidentiary hearing, "the [C]ourt must accept the truth of [Petitioner's] factual allegations unless they are clearly frivolous on the basis of the existing record." <u>Forte</u>, 865 F.2d at 62.  However, the Court is not obligated to order an evidentiary hearing whenever the "claim presents a close question." <u>Virgin Islands v. Bradshaw</u>, 726 F.2d 115, 117 (3d Cir. 1984).

Petitioner claims that he is entitled to an evidentiary hearing because many of the events in his allegations took place off of the record and therefore, cannot be proven without a hearing.  Conversely, the Government urges that Petitioner's allegations are frivolous because they are unsupported by the

record and are contradicted by the Affirmation of Petitioner's counsel, submitted by the Government to the Court.  Because the Court finds no merit in any of Petitioner's contentions discussed above, and because the Court feels that there is no "fundamental defect which inherently results in a complete miscarriage of justice," the Court denies Petitioner's request for an evidentiary hearing.  <u>Cannistraro</u>, 734 F. Supp. at 1119 (citations omitted).

III. <u>Conclusion</u>

For the reasons set forth above, Petitioner's habeas corpus petition is **DENIED**.

An appropriate Order follows.


Dated: July 25, 2006


                                    /S/ WILLIAM G. BASSLER
                                    William G. Bassler, U.S.S.D.J.

13